UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARRY STUART HALAJIAN, | No. 2:23-cv-1522 DJC DB PS |
| Plaintiff, | |
| v. | ORDER |
| JP MORGAN CHASE BANK, NA, et al., | |
| Defendants, | |

Plaintiff Barry Stuart Halajian is proceeding in this action pro se. This matter was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). Pending before the undersigned are defendants' motions to dismiss pursuant to Rules 12(b)(1), 12(b)(6), and 12(b)(7) of the Federal Rules of Civil Procedure, defendant's motion to strike plaintiff's sur-reply, and plaintiff's motion for a temporary restraining order. (ECF Nos. 7, 22, 24, 28.) For the reasons stated below, defendants' motions to dismiss will be granted, plaintiff will be granted leave to file an amended complaint, and plaintiff's motion for a temporary restraining order will be denied.

**BACKGROUND**

Plaintiff, proceeding pro se, commenced this action on July 25, 2023, by filing a complaint and paying the applicable filing fee. (ECF No. 1.) The complaint alleges that plaintiff

////

1  was an electrical contractor.  (Compl. (ECF No. 1) at 3.[1])  "BAY ADVANCE, LLC . . . used a
2  bait and switch sales tactic to persuade Plaintiff to enter into the receivables sales agreement,
3  which was actually a disguised loan agreement."  (Id.)  Instead of the "agreed amount of
4  $60,000," plaintiff only received $42,000.  (Id. at 6.)  The terms of the contract require plaintiff to
5  pay $89,000 "for the cash advance" with "interest greater than 50%."  (Id. at 14.)
6      Plaintiff made "seven regular payments of three thousand dollars . . . before it was no
7  longer possible to make these payments[.]"  (Id. at 24.)  Defendants Hasset & George, PC and
8  James Trudell, "prepared a document known as the NOTICE OF PREJUDGMENT
9  REMEDY/CLAIM FOR HEARING TO DISSOLVE OR MODIFY."  (Id. at 2.)  This resulted in
10 a seizure of money from plaintiff's bank account held by defendant JP Morgan Chase Bank, NA,
11 "JP Morgan".  (Id. at 2.)  Also named as a defendant is Elizabeth Ostrowski "an employee of the
12 Connecticut State Marshals Service."  (Id. at 16.)
13     Pursuant to these allegations the complaint alleges claims for declaratory and injunctive
14 relief, "Deprivation of Rights Under Color of Authority" pursuant to 42 U.S.C. § 1983, breach of
15 the covenant of good faith and fair dealing, and cancellation of instruments.  (Id. at 16-23.)  The
16 complaint asks this court to declare the notice of prejudgment remedy void, and order JP Morgan
17 to release to plaintiff $75,000 "that they seized and placed in an administrative hold."  (Id. at 25.)
18 Plaintiff also seeks punitive damages against defendants Trudell and Ostrowski in the amount of
19 $100,000.  (Id.)
20      On August 18, 2023, defendant JP Morgan Chase filed a motion to dismiss.  (ECF No. 7.)
21 Plaintiff filed an opposition on September 8, 2023.  (ECF No. 13.)  Defendant filed a reply on
22 September 18, 2023.  (ECF No. 14.)  On October 6, 2023, plaintiff filed a sur-reply.  (ECF No.
23 21.)  On October 11, 2023, defendant filed an objection and motion to strike plaintiff's sur-reply.[2]
24 (ECF No. 22.)

---

[1] Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

[2] The filing of a sur-reply is not authorized by the Federal Rules of Civil Procedure or the Local Rules.  See Fed. R. Civ. P. 12; Local Rule 230.  Nonetheless, in light of plaintiff's pro se status, the undersigned has considered the sur-reply in evaluating defendants' motions to dismiss.  Defendant's motion to strike the sur-reply (ECF No. 22) will, therefore, be denied.

1    On October 13, 2023, defendants Hasset & George PC and James Trudell filed a motion to dismiss.  (ECF No. 24.)  On October 20, 2023, plaintiff filed a motion for a temporary restraining order.  (ECF No. 28.)  On October 25, 2023, plaintiff filed an opposition to defendants' motion to dismiss.  (ECF No. 30.)  On October 26, 2023, defendants filed oppositions to plaintiff's motion for a temporary restraining order.  (ECF Nos. 31 & 32.)

On November 2, 2023, defendants Hasset & George, PC, and James Trudell filed a reply in support of their motion to dismiss.  (ECF No. 33.)  On November 3, 2023, defendant Elizabeth Ostrowski filed an opposition to plaintiff's motion for a temporary restraining order.  (ECF No. 34.)  On November 29, 2023, plaintiff filed a reply to defendant Ostrowski's opposition.  (ECF No. 36.)  The parties' motions were taken under submission without a hearing pursuant to Local Rule 230(g).[3]

**STANDARDS**

**I.    Legal Standards Applicable to Motions to Dismiss Pursuant to Rule 12(b)(1)**

Federal Rule of Civil Procedure 12(b)(1) allows a defendant to raise the defense, by motion, that the court lacks jurisdiction over the subject matter of an entire action or of specific claims alleged in the action.  "A motion to dismiss for lack of subject matter jurisdiction may either attack the allegations of the complaint or may be made as a 'speaking motion' attacking the existence of subject matter jurisdiction in fact."  Thornhill Publ'g Co. v. Gen. Tel. & Elecs. Corp., 594 F.2d 730, 733 (9th Cir. 1979).

When a party brings a facial attack to subject matter jurisdiction, that party contends that the allegations of jurisdiction contained in the complaint are insufficient on their face to demonstrate the existence of jurisdiction.  Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004).  In a Rule 12(b)(1) motion of this type, the plaintiff is entitled to safeguards similar to those applicable when a Rule 12(b)(6) motion is made.  See Sea Vessel Inc. v. Reyes, 23 F.3d 345, 347 (11th Cir. 1994); Osborn v. United States, 918 F.2d 724, 729 n. 6 (8th Cir. 1990).  The factual allegations of the complaint are presumed to be true, and the motion is granted

---

[3] Defendant JP Morgan's September 26, 2023 request to appear remotely at the hearing of the motions (ECF No. 15) will, therefore, be denied as having been rendered moot.

only if the plaintiff fails to allege an element necessary for subject matter jurisdiction. Savage v. Glendale Union High Sch. Dist. No. 205, 343 F.3d 1036, 1039 n. 1 (9th Cir. 2003); Miranda v. Reno, 238 F.3d 1156, 1157 n. 1 (9th Cir. 2001). Nonetheless, district courts "may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment" when resolving a facial attack. Safe Air for Everyone, 373 F.3d at 1039.

When a Rule 12(b)(1) motion attacks the existence of subject matter jurisdiction, no presumption of truthfulness attaches to the plaintiff's allegations. Thornhill Publ'g Co., 594 F.2d at 733. "[T]he district court is not restricted to the face of the pleadings, but may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction." McCarthy v. United States, 850 F.2d 558, 560 (9th Cir. 1988). When a Rule 12(b)(1) motion attacks the existence of subject matter jurisdiction in fact, plaintiff has the burden of establishing that such jurisdiction does in fact exist. Thornhill Publ'g Co., 594 F.2d at 733.

**II.  Legal Standards Applicable to Motions to Dismiss Pursuant to Rule 12(b)(6)**

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint. N. Star Int'l v. Ariz. Corp. Comm'n, 720 F.2d 578, 581 (9th Cir. 1983). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff is required to allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

In determining whether a complaint states a claim on which relief may be granted, the court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989). In general, pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). However, the court need not assume the truth of legal conclusions cast in the

form of factual allegations.  United States ex rel. Chunie v. Ringrose, 788 F.2d 638, 643 n.2 (9th Cir. 1986).  While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation."  Iqbal, 556 U.S. at 678.  A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action."  Twombly, 550 U.S. at 555; see also Iqbal, 556 U.S. at 676 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").  Moreover, it is inappropriate to assume that the plaintiff "can prove facts which it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged."  Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters, 459 U.S. 519, 526 (1983).

**III.    Legal Standards Applicable to Motions to Dismiss Pursuant to Rule 12(b)(7)**

"A party may move to dismiss a complaint for 'failure to join a party under Rule 19.'" Tinoco v. San Diego Gas & Electric Co., 327 F.R.D. 651, 655-56 (S.D. Cal. 2018) (quoting Fed. R. Civ. P. 12(b)(7)).  "Rule 19 imposes a three-step inquiry: (1) Is the absent party necessary (i.e., required to be joined if feasible) under Rule 19(a)?; (2) If so, is it feasible to order that absent party to be joined?; and (3) If joinder is not feasible, can the case proceed without the absent party, or is the absent party indispensable such that the action must be dismissed?"  Camacho v. Major League Baseball, 297 F.R.D. 457, 460 (S.D. Cal. 2013) (citing Salt River Project Agric. Improvement & Power Dist. v. Lee, 672 F.3d 1176, 1179 (9th Cir. 2012)).

"A motion to dismiss for failure to join an indispensable party requires the moving party to bear the burden in producing evidence in support of the motion."  Biagro Western Sales Inc. v. Helena Chemical Co., 160 F.Supp.2d 1136, 1141 (E.D. Cal. 2001).  "When considering a motion to dismiss under Rule 12(b)(7), the court accepts as true the allegations in the plaintiff's complaint and draws all reasonable inferences in the plaintiff's favor."  WhatsApp Inc. v. NSO Group Technologies Limited, 472 F.Supp.3d 649, 663 (N.D. Cal. 2020).

////

////

////

**ANALYSIS**

**I.     Defendants' Motions to Dismiss**

Review of defendants' motions to dismiss finds that they should be granted.  In this regard, almost the entirety of the complaint is concerned with plaintiff's interactions with Bay Advance.  For example, the complaint alleges that Bay Advance "used a bait and switch sales tactic to persuade the Plaintiff to enter into the receivable sales agreement[.]"  (Compl. (ECF No. 1) at 4.)  Bay Advance used "surprise and trickery" making the "contract procedurally unconscionable and in violation of their own contract guidelines."  (Id. at 8.)  That Bay Advance used "unconscionable methods to obtain a signature . . . to the contract."  (Id. at 18.)  That the "contract was a breach from the beginning by the lender, Bay Advance[.]"  (Id. at 24.)

Although the thrust of the complaint is plaintiff's financial contract with Bay Advance, and the complaint asks the court for "an order declaring" an attempt to collect pursuant to the contract "void because the unconscionable methods . . . and . . . elements to the contract," the complaint does not name Bay Advance as a defendant, nor has Bay Advance appeared in this action.[4]  (Compl. (ECF No. 1) at 18.)

"[A] party to a contract is the quintessential 'indispensable party,' and 'no procedural principle is more deeply imbedded in common law than that, in an action to set aside a lease or a contract, all parties who may be affected by the determination of the action are indispensable.'"  Kiamichi River Legacy Alliance, Inc. v. Bernhardt, 439 F.Supp.3d 1258, 1264 (E.D. Okla. 2020) (quoting Jicarilla Apache Tribe v. Hodel, 821 F.2d 537 (10th Cir. 1987); see also Gunvor SA v. Kayablian, 948 F.3d 214, 221 (4th Cir. 2020) ("a contracting party is the paradigm of an indispensable party").

With respect to the defendants named in the complaint, JP Morgan, Elizabeth Ostrowski, James Trudell, and Hasset & George, PC, the complaint contains no factual allegations related to their conduct.  Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, a

---

[4] According to defendant JP Morgan, plaintiff and Bay Advance are parties to litigation in the Stamford Superior Court in the state of Connecticut.  (Def.'s MTD (ECF No. 7) at 10.)  Defendant's assertion is supported by evidence.  (Def.'s RJN (ECF No. 8-3) at 2.)

1 complaint must give the defendant fair notice of the plaintiff's claims and must allege facts that
2 state the elements of each claim plainly and succinctly. Fed. R. Civ. P. 8(a)(2); Jones v.
3 Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). "A pleading that offers 'labels
4 and conclusions' or 'a formulaic recitation of the elements of cause of action will not do.' Nor
5 does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual
6 enhancements.'" Ashcroft v. Iqbal, 556 U.S.662, 678 (2009) (quoting Twombly, 550 U.S. at 555,
7 557). A plaintiff must allege with at least some degree of particularity overt acts which the
8 defendants engaged in that support the plaintiff's claims. Jones, 733 F.2d at 649.

Moreover, it appears that defendants Trudell and Hasset & George, PC, are residents of Connecticut. (Def.'s MTD (ECF No. 24) at 6.) The complaint does not allege how this court has personal jurisdiction over these defendants. Plaintiff bears the burden of establishing that jurisdiction is proper, although he need only make a prima facie showing of jurisdictional facts to withstand a motion to dismiss. Brayton Purcell LLP v. Recordon & Recordon, 606 F.3d 1124, 1127 (9th Cir. 2010); see also Chirag v. MT Marida Marguerite Schiffahrts, 604 Fed. Appx. 16, 19 (2d Cir. 2015) ("A prima facie case [of personal jurisdiction] requires non-conclusory fact-specific allegations or evidence showing that activity that constitutes the basis of jurisdiction has taken place.").

"Federal courts ordinarily follow state law in determining the bounds of their jurisdiction over persons." Daimler AG v. Bauman, 571 U.S. 117, 125 (2014). "Because California's long-arm jurisdictional statute is coextensive with federal due process requirements, the jurisdictional analyses under state law and federal due process are the same." Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 800-01 (9th Cir. 2004). "For a court to exercise personal jurisdiction over a nonresident defendant consistent with due process, that defendant must have 'certain minimum contacts' with the relevant forum 'such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" Mavrix Photo, Inc. v. Brand Technologies, Inc., 647 F.3d 1218, 1223 (9th Cir. 2011) (quoting International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945)).

////

Federal courts may exercise either general or specific personal jurisdiction. General personal jurisdiction is found where the nonresident defendant's "affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State." Goodyear Dunlop Tires Operations, S.A. v. Brown, 564 U.S. 915, 919 (2011). "To determine whether a nonresident defendant's contacts are sufficiently substantial, continuous, and systematic, we consider their 'longevity, continuity, volume, economic impact, physical presence, and integration into the state's regulatory or economic markets.'" Mavrix Photo, Inc., 647 F.3d at 1224 (quoiting Tuazon v. R.J. Reynolds Tobacco Co., 433 F.3d 1163, 1172 (9th Cir. 2006)).

Specific personal jurisdiction is found where "[a] nonresident defendant's discrete, isolated contacts with the forum support jurisdiction on a cause of action arising directly out of its forum contacts[.]" CollegeSource, Inc. v. AcademyOne, Inc., 653 F.3d 1066, 1075 (9th Cir. 2011). "[T]hat is, jurisdiction [is] based on the relationship between the defendant's forum contacts and plaintiff's claims." Menken v. Emm, 503 F.3d 1050, 1057 (9th Cir. 2007).

"The inquiry whether a forum State may assert specific jurisdiction over a nonresident defendant 'focuses on the relationship among the defendant, the forum, and the litigation.'" Walden v. Fiore, 134 S. Ct. 1115, 1121 (2014) (quoting Keeton v. Hustler Magazine, Inc., 465 U.S. 770, 775 (1984)) (internal quotation marks omitted). However, "the 'primary concern' is 'the burden on the defendant.'" Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco County, 137 S. Ct. 1773, 1780 (2017) (quoting World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 292 (1980)).

A three-part test has been developed by the Ninth Circuit to analyze an assertion of specific personal jurisdiction:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
>
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and

////

8

>  (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

Schwarzenegger, 374 F.3d at 802 (quoting Lake v. Lake, 817 F.2d 1416, 1421 (9th Cir. 1987)).

Finally, the undersigned notes that the complaint attempts to assert a cause of action pursuant to 42 U.S.C. § 1983, for violation of the "Due process Clause of the Fourteenth Amendment." (Compl. (ECF No. 1) at 19.) A litigant who complains of a violation of a constitutional right does not have a cause of action directly under the United States Constitution. Livadas v. Bradshaw, 512 U.S. 107, 132 (1994) (affirming that it is 42 U.S.C. § 1983 that provides a federal cause of action for the deprivation of rights secured by the United States Constitution); Chapman v. Houston Welfare Rights Org., 441 U.S. 600, 617 (1979) (explaining that 42 U.S.C. § 1983 was enacted to create a private cause of action for violations of the United States Constitution); Azul-Pacifico, Inc. v. City of Los Angeles, 973 F.2d 704, 705 (9th Cir. 1992) ("Plaintiff has no cause of action directly under the United States Constitution.").

42 U.S.C. § 1983 provides that,

> [e]very person who, under color of [state law] ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

However, "'§ 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrong.'" Sutton v. Providence St. Joseph Medical Center, 192 F.3d 826, 835 (9th Cir. 1999) (quoting American Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, (1999)). Here, the complaint alleges that the "non-government private party Defendants" were "state actors" because they were "participating in actions taken by government agencies, such as the CONNECTICUT STATE MARSHALLS COMMISSION and government actors, such as Elizabeth Ostrowski." (Compl. (ECF No. 1) at 20.) This vague and conclusory assertion fails to explain how any defendant was acting under color of state law.

**II.    Leave to Amend**

For the reasons stated above, defendants' motions to dismiss will be granted. The undersigned has carefully considered whether plaintiff could amend the complaint to state a claim

upon which relief could be granted. Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility." California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988); see also Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court does not have to allow futile amendments).

Here, the undersigned cannot yet say that it appears beyond doubt that leave to amend would be futile. Plaintiff's complaint will therefore be dismissed, and plaintiff will be granted leave to file an amended complaint. Plaintiff is cautioned, however, that if plaintiff elects to file an amended complaint "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft, 556 U.S. at 678. "While legal conclusions can provide the complaint's framework, they must be supported by factual allegations." Id. at 679. Those facts must be sufficient to push the claims "across the line from conceivable to plausible[.]" Id. at 680 (quoting Twombly, 550 U.S. at 557).

Plaintiff is also reminded that the court cannot refer to a prior pleading in order to make an amended complaint complete. Local Rule 220 requires that any amended complaint be complete in itself without reference to prior pleadings. The amended complaint will supersede the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Thus, in an amended complaint, just as if it were the initial complaint filed in the case, each defendant must be listed in the caption and identified in the body of the complaint, and each claim and the involvement of each defendant must be sufficiently alleged. Any amended complaint which plaintiff may elect to file must also include concise but complete factual allegations describing the conduct and events which underlie plaintiff's claims.

### III. Plaintiff's Motion for a Temporary Restraining Order

On October 20, 2023, plaintiff filed a motion for a temporary restraining order and injunctive relief. (ECF No. 28.) The legal principles applicable to a request for injunctive relief are well established. To prevail, the moving party must show either a likelihood of success on the merits and the possibility of irreparable injury, or that serious questions are raised and the balance

of hardships tips sharply in the movant's favor. See Coalition for Economic Equity v. Wilson, 122 F.3d 692, 700 (9th Cir. 1997); Oakland Tribune, Inc. v. Chronicle Publ'g Co., 762 F.2d 1374, 1376 (9th Cir. 1985).

The two formulations represent two points on a sliding scale with the focal point being the degree of irreparable injury shown. Oakland Tribune, 762 F.2d at 1376. "Under any formulation of the test, plaintiff must demonstrate that there exists a significant threat of irreparable injury." Id. In the absence of a significant showing of possible irreparable harm, the court need not reach the issue of likelihood of success on the merits. Id. Moreover, the court will not entertain a motion for injunctive relief that is not supported by: (1) a declaration under penalty of perjury on the question of irreparable injury, (2) a memorandum of points and authorities addressing all legal issues raised by the motion, and (3) evidence of notice to all persons who would be affected by the order sought. See Local Rule 231.

Here, plaintiff's filing fails to comply with Local Rule 231. Moreover, plaintiff's complaint is being dismissed with leave to amend, in part, for failure to state a claim. In the absence of a complaint that states a claim for relief the undersigned cannot evaluate plaintiff's likelihood of success or the risk of irreparable injury. Accordingly, plaintiff's motion will be denied without prejudice to renewal. If plaintiff elects to file a new application, plaintiff shall ensure compliance with Local Rule 231.

**CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant's August 18, 2023 motion to dismiss (ECF No. 7) is granted;

2. Defendant's September 26, 2023 request to appear by video conference (ECF No. 15) is denied as having been rendered moot;

3. Defendant's October 11, 2023 motion to strike (ECF No. 22) is denied;

4. Defendants' October 13, 2023 motion to dismiss (ECF No. 24) is granted;

5. The complaint filed July 25, 2023 (ECF No. 1) is dismissed with leave to amend[5];

---

[5] Although it does not appear that defendant Ostrowski filed a responsive pleading, "[a] District Court may properly on its own motion dismiss an action as to defendants who have not moved to

6. Within twenty-eight days from the date of this order, an amended complaint shall be filed that cures the defects noted in this order and complies with the Federal Rules of Civil Procedure and the Local Rules of Practice.[6]  The amended complaint must bear the case number assigned to this action and must be titled "Amended Complaint";

7. Plaintiff's October 20, 2023 motion for a temporary restraining order (ECF No. 28) is denied without prejudice to renewal; and

8. Plaintiff is cautioned that the failure to comply with this order in a timely manner may result in a recommendation that this action be dismissed.

Dated: January 19, 2024

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB\orders\orders.pro se\halajian1522.mtd.ord

---

dismiss where such defendants are in a position similar to that of moving defendants or where claims against such defendants are integrally related." Silverton v. Department of Treasury of U. S. of America, 644 F.2d 1341, 1345 (9th Cir. 1981).  Here, defendant Ostrowski is in a position similar to the moving defendants and the claims are integrally related.

[6] Alternatively, if plaintiff no longer wishes to pursue this action plaintiff may file a notice of voluntary dismissal of this action pursuant to Rule 41 of the Federal Rules of Civil Procedure.

12