1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BARRY STUART HALAJIAN,

Plaintiff,

v.

JP MORGAN CHASE BANK, NA, et al.,

Defendants.

No.  2:23-cv-01522-DJC-SCR

FINDINGS AND RECOMMENDATIONS

Plaintiff is proceeding pro se in this matter, which is referred to the undersigned pursuant to Local Rule 302(c)(21) and 28 U.S.C. § 636.  Plaintiff is effectively trying to challenge Defendants' actions with respect to a Connecticut state court legal proceeding that he has since settled.  Defendants have filed three Motions to Dismiss (ECF No. 43, 45 & 51).  Plaintiff filed untimely opposition briefs (ECF Nos. 58 & 59) and Defendants filed replies (ECF Nos. 61 & 62). Magistrate Judge Barnes took the motions under submission on May 14, 2024.  ECF No. 67. This case was then reassigned to the undersigned on August 6, 2024.  The undersigned recommends that the motions to dismiss be granted without leave to amend.

**I.      Procedural History and Background**

Plaintiff Barry Stuart Halajian filed this action on July 25, 2023.  ECF No. 1.  The Complaint named as Defendants: 1) JP Morgan Chase Bank ("Chase"); 2) Elizabeth Ostrowski; 3) Hassett &

1

George, PC ("H&G"); 4) James Trudell; and 5) Connecticut State Marshals Commission. ECF No. 1. Plaintiff alleged he is an electrical contractor who entered into a "combined receivables purchase agreement and loan agreement" with Bay Advance, LLC ("Bay Advance"). *Id*. at ¶¶ 6-7. Plaintiff alleged that H&G and Trudell were attorneys working for Bay Advance and prepared legal documents to seize funds from Plaintiff's account at Chase. *Id.* at 1-2. Plaintiff alleged he *Id.* at ¶ 7. Plaintiff complained of a "bait and switch" and that Bay Advance confused or pressured him into modifying the agreement. *Id.* at ¶¶ 9-10. Plaintiff claimed the agreement with Bay Advance was unconscionable and sought to cancel it. However, Bay Advance was not a named defendant in the original complaint.

Plaintiff also included allegations concerning a legal action that Bay Advance filed against Plaintiff in Connecticut state court, Case No. FST-CV23-6061957-S (the "Connecticut case").[1] ECF No. 43-1 at 3. Ostrowski was alleged to be an employee of the Connecticut State Marshals Service and was involved in serving a document Plaintiff referred to as a "Notice of ex parte prejudgment remedy/claim for hearing to dissolve or modify" (the "Notice"). *Id.* at ¶ 35.

After Plaintiff filed the Complaint in this case, Plaintiff and Bay Advance entered into a settlement agreement in the Connecticut case on or about August 18, 2023. Relevant to the instant action, Paragraph 11 of the Settlement Agreement provides in part:

> In addition, upon the execution of this agreement, Barry Stuart Halajian and/or Industrial Electric shall within 3 business days withdraw or dismiss any and all lawsuits filed against the parties to this agreement as well as Beth Ostrowski, J.P. Morgan Chase Bank, Hassett & George, PC or its employees/agents, that was reportedly filed in California that relates to or arises out of the Contract (hereinafter referred to as the "California Action").

ECF No. 43-1 at 21. Paragraph 11 further provided: "The Parties agree that this Agreement completely resolves any and all claims between the Parties that were asserted, or that could have been asserted, against any of the Parties named in the Action or relating to or arising out of the

---

[1] Plaintiff's pleadings do not clearly identify or explain the Connecticut case. The Court adds information about that case in order to make the background of the instant action coherent. The Court takes judicial notice of the filings from the Connecticut case, in which Plaintiff was represented by counsel.

1  Contract, as well as claims asserted and parties to the California Action . . .".  *Id.*  The California

2  Action referred to in this settlement agreement is the instant lawsuit.[2]  Despite the agreement's

3  term apparently requiring Plaintiff to dismiss the instant lawsuit, he has not done so.

4       Defendants filed motions to dismiss the Complaint in this action (ECF Nos. 7 & 24).  On

5  January 22, 2024, the Court granted those motions with leave to amend.  ECF No. 37.

6       Plaintiff filed a First Amended Complaint ("FAC")[3] on February 15, 2024.  ECF No. 38.  It

7  adds Bay Advance as a party.  ECF No. 38 at 1, 19.  The FAC asserts the same four causes of action

8  as the original complaint: 1) declaratory and injunctive relief; 2) a due process claim under 42

9  U.S.C. § 1983; 3) breach of the covenant of good faith and fair dealing; and 4) cancellation of

10  instruments.  ECF No. 38 at 20-27.  Plaintiff attaches to the FAC a copy of the Notice, the contract

11  with Bay Advance, and other exhibits.  ECF No. 38 at 31-118.

12       Defendants Chase, H&G, Trudell, and Ostrowski filed motions to dismiss the FAC.

13  Plaintiff failed to file timely oppositions.  On April 2, 2024, Magistrate Judge Barnes issued an

14  Order to Show Cause ("OSC") why the action should not be dismissed for lack of prosecution,

15  instructing Plaintiff to respond within 14 days.  ECF No. 55 at 2.  Plaintiff filed opposition briefs

16  on April 8 and April 17, 2024, and filed a response to the OSC one-day late, on April 17.  ECF

17  Nos. 58-60.  Plaintiff claims he was not timely served with the motions, that he has been working

18  more than full-time, and has found it "very difficult to set aside time write [*sic*] these reply briefs

19  and do research."  ECF No. 60 at 2-3.  In light of Plaintiff's pro se status, the Court accepts the

20  untimely filed opposition briefs and considers the OSC discharged.  Plaintiff is cautioned that he

21  must comply with the Local Rules, including Local Rule 230(c) ("A failure to file a timely

22  opposition may also be construed by the Court as a non-opposition to the motion.").

23  ////

24

---

25  [2]  In granting a motion to enforce the settlement agreement, the Connecticut Superior Court ruled

26  the agreement was "clear, unambiguous, and contained all essential terms."  ECF No. 43-1 at 37.
In making that ruling, the Connecticut Superior Court specifically identified the term in the

27  settlement agreement "relat[ing] to a certain California lawsuit brought by [Halajian]," *i.e.*, the
instant lawsuit.

28  [3]  This document is erroneously captioned as a Second Amended Complaint.

1    **II.    Legal Standards for Motions to Dismiss**

2         **A.  Rule 12(b)(2)**

3         Federal Rule of Civil Procedure 12(b)(2) provides that "[a] defendant may move, prior to

4    trial, to dismiss the complaint for lack of personal jurisdiction." *Data Disc, Inc. v. Systems*

5    *Technology Associates, Inc.*, 557 F.2d 1280, 1285 (9th Cir. 1977).  "Where a defendant moves to

6    dismiss a complaint for lack of personal jurisdiction, the plaintiff bears the burden of

7    demonstrating that jurisdiction is appropriate." *Schwarzenegger v. Fred Martin Motor Co.*, 374

8    F.3d 797, 800 (9th Cir. 2004).  However, "in the absence of an evidentiary hearing, the plaintiff

9    need only make a prima facie showing of jurisdictional facts." *Sher v. Johnson*, 911 F.2d 1357,

10   1361 (9th Cir. 1990).

11        **B.  Rule 12(b)(6)**

12        The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal

13   sufficiency of the complaint.  *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir.

14   1983).  "Dismissal can be based on the lack of a cognizable legal theory or the absence of

15   sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't,* 901

16   F.2d 696, 699 (9th Cir. 1990).  A plaintiff is required to allege "enough facts to state a claim to

17   relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A

18   claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw

19   the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v.*

20   *Iqbal,* 556 U.S. 662, 678 (2009).

21        In determining whether a complaint states a claim on which relief may be granted, the

22   court accepts as true the allegations in the complaint and construes the allegations in the light

23   most favorable to the plaintiff.  *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Love v.*

24   *United States*, 915 F.2d 1242, 1245 (9th Cir. 1989).  In general, pro se complaints are held to less

25   stringent standards than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519,

26   520-21 (1972).  However, the court need not assume the truth of legal conclusions cast in the

27   form of factual allegations. *See Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009)

28

4

1    While Rule 8(a) does not require detailed factual allegations, "it demands more than an

2    unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678.  A

3    pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the

4    elements of a cause of action." *Twombly*, 550 U.S. at 555; see also *Iqbal*, 556 U.S. at 676

5    ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory

6    statements, do not suffice.").  Moreover, it is inappropriate to assume that the plaintiff "can prove

7    facts which it has not alleged or that the defendants have violated the . . . laws in ways that have

8    not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*,

9    459 U.S. 519, 526 (1983).

10    In ruling on a motion to dismiss brought pursuant to Rule 12(b)(6), the court is permitted

11    to consider material which is properly submitted as part of the complaint, documents that are not

12    physically attached to the complaint if their authenticity is not contested and the plaintiff's

13    complaint necessarily relies on them and matters of public record.  *Lee v. City of Los Angeles*,

14    250 F.3d 668, 688-89 (9th Cir. 2001).

15    **C.  Rule 12(b)(7)**

16    Rule 12(b)(7) concerns failure to join an indispensable party under Rule 19.  In

17    determining whether a party is indispensable, a court must determine: 1) whether an absent party

18    is necessary to the action; and then, 2) if the party is necessary but cannot be joined, whether the

19    party is indispensable such that in equity and good conscience the suit should be dismissed.

20    *Roberts v. City of Fairbanks*, 947 F.3d 1191, 1204 (9th Cir. 2020).  "The failure to join a party

21    under Rule 19 can only lead to dismissal of a suit where the court cannot obtain jurisdiction over

22    the necessary party and that party is determined to be indispensable to the action." *Camacho v.*

23    *Major League Baseball*, 297 F.R.D. 457, 460 (S.D. Cal. 2013).  The movant bears the burden of

24    producing evidence in support of the motion, the Court may consider matters outside the

25    pleadings, and a "motion for failure to join an indispensable party demands a fact specific and

26    practical inquiry." *Id.* at 460-61 (internal quotation and citation omitted).

27    ////

28    ////

5

1    **III.    Analysis**

2    **A.    Motion to Dismiss by Hassett & George and Trudell (ECF No. 43)**

3        Defendants H&G and Trudell argue the FAC does not establish personal jurisdiction over

4    them as they are a law firm and attorney practicing in the State of Connecticut.  Defendants also

5    argue that Plaintiff has specifically released the claims in this lawsuit against them by executing a

6    settlement agreement in Connecticut state court.  ECF No. 43 at 7.[4]

7                        **1.    Rule 12(b)(2) – Personal Jurisdiction**

8        When a defendant moves to dismiss a complaint for lack of personal jurisdiction, the

9    plaintiff bears the burden of demonstrating that jurisdiction is appropriate.  *Schwarzenegger v.*

10   *Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004).  Where, as here, the motion is based

11   on written materials rather than an evidentiary hearing, the plaintiff need only make a prima facie

12   showing of jurisdictional facts.  *Id.*  In such cases, the court inquires into whether the plaintiff's

13   pleadings and affidavits make a prima facie showing of personal jurisdiction.  *Caruth v.*

14   *International Psychoanalytical Ass'n*, 59 F.3d 126, 128 (9th Cir.1995).  Plaintiff's FAC alleges in

15   conclusory manner that the "actions taken by Defendants to seize money/personal property from

16   my Bank account" occurred in California.  ECF No. 38 at ¶ 1.  Plaintiff contends that service of

17   process at a Chase Bank branch in California was a sufficient minimum contact.  *Id.* at ¶ 3.

18   Plaintiff further alleges that Defendants "availed themselves of the benefits and privileges of

19   conducting activities" in California.  *Id.* at ¶ 9.  Plaintiff claims that Defendant Bay Advance

20   hired H&G, and an attorney there, Trudell, signed the Notice.  *Id*. at ¶¶ 46-47.

21       H&G and Trudell support their motion with two declarations.  Jared Alfin is a partner at

22   H&G and makes many assertions concerning the issue of personal jurisdiction, such as that H&G

23   is located in Connecticut, incorporated in Delaware, and has no officers, directors, partners, or

24   employees in California.  ECF No. 43-1 at 2.  H&G does not market or advertise in California.

25   *Id.*  Alfin further avers that the Notice was filed in Connecticut pursuant to a Connecticut statute.

26   *Id.* at 3.

27   _____

28   [4]  The page references herein are to the page number on the CM/ECF generated header.

1    Defendant Trudell also filed a declaration.  ECF No. 43-2.  It states he is licensed to

2    practice in Connecticut and Massachusetts, does not hold a license in California, and does no

3    work there.  *Id.* at 2.  He avers he does not reside in or own property in California.  *Id.*  He further

4    states the Notice was prepared and filed in Connecticut.  *Id.*  He declares that the bank attachment

5    was made by a Connecticut State Marshal at a Connecticut bank branch, and he did not direct

6    service to California.  *Id.* at 3.

7    Plaintiff's opposition with attachments is over 150 pages long.  ECF No. 59.  Exhibit A

8    appears to be communications between Plaintiff and the attorney representing him in the

9    Connecticut action concerning settlement.  ECF No. 59 at 18-28.  Plaintiff also attaches copies of

10    the settlement agreement in the Connecticut case (ECF No. 59 at 30-33) and of the agreement

11    with Bay Advance (ECF No. 59-1 at 22).  Plaintiff's declaration disputes some of the averments

12    made by H&G and Trudell.  For example, Plaintiff disputes Trudell's assertion that they never

13    had contact.  Plaintiff claims he called Trudell.  ECF No. 59-1 at ¶ 21.  Plaintiff further claims

14    H&G emailed him a proposed settlement document.  *Id.* at ¶¶ 22-23.  Plaintiff disputes whether

15    he agreed to a settlement in the Connecticut action.  *Id.* at ¶ 24.  However, Plaintiff's evidence

16    fails to rebut the Alfin and Trudell Declarations as to facts relevant for determining personal

17    jurisdiction.

18    "For a court to exercise personal jurisdiction over a nonresident defendant, the defendant

19    must have at least 'minimum contacts' with the relevant forum such that the exercise of

20    jurisdiction 'does not offend traditional notions of fair play and substantial justice'."

21    *Schwarzenegger*, 374 F.3d at 801 (internal citation omitted).  Personal jurisdiction can be general

22    or specific.  For general jurisdiction to exist over a nonresident defendant, such as H&G or

23    Trudell, the defendant must engage in continuous and systematic general business contacts that

24    "approximate physical presence" in the forum state.  *Schwarzenegger*, 374 F.3d at 801.  H&G is

25    located in Connecticut, incorporated in Delaware, and has no officers, directors, partners, or

26    employees in California.  H&G does not advertise its services in California.  Defendant Trudell

27    does not reside in California and is not licensed to practice in California.  General jurisdiction is

28    lacking.

7

Specific jurisdiction involves a three-part test to determine if the defendant has sufficient minimum contacts:

    (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;

    (2) The claim must be one which arises out of or relates to the defendant's forum related activities; and

    (3) The exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*Schwarzennegger,* 374 F.3d at 802.  Applying this test to the relevant facts demonstrates that there is no specific jurisdiction over H&G or Trudell.

Defendants' declarations state the Notice was prepared in Connecticut and filed in Connecticut.  ECF No. 43-2 at ¶ 10.  The Notice was provided to a Connecticut State Marshal in Connecticut and served at a Connecticut bank branch.  *Id.* at ¶ 14.  The documents submitted by Plaintiff, including the Notice, confirm Defendants' assertion.  The Notice is on a State of Connecticut Superior Court form.  ECF No. 59-1 at 35.  It is attested to by Defendant Ostrowski of the Connecticut State Marshal's Office.  *Id.*  Ms. Ostrowski's attestation of service shows that the Notice was served on Marlyn Montanez at a Chase Bank location at 109 New London Turnpike, Glastonbury, Connecticut.  *Id.* at 77.  H&G and Trudell, a law firm and lawyer in Connecticut, utilized Connecticut state legal process for prejudgment garnishment, engaged a Connecticut state Marshal to serve process, and service occurred in Connecticut.  The fact that the service occurred at a national bank branch and Plaintiff utilizes a branch of that same bank in California, does not subject H&G and Trudell to personal jurisdiction in California.  The fact that Plaintiff may have once called Trudell is also not a basis for personal jurisdiction.  The Court finds the exercise of personal jurisdiction over these defendants would not be reasonable and the Court will recommend that Defendants H&G and Trudell be dismissed.

1
2

**2. Rule 12(b)(6) – Failure to State a Claim Based on the Connecticut**
**Settlement**

3    Defendants H&G and Trudell additionally argue that Plaintiff has released all claims in

4  this action and fails to state a claim because Plaintiff entered into a settlement agreement in the

5  Connecticut state case.  ECF No. 43 at 10-12.  However, the Court need not conclusively

6  determine whether the settlement agreement precludes this action, as the Court has already

7  concluded that H&G and Trudell should be dismissed for lack of personal jurisdiction.  The Court

8  will address the status of the Connecticut settlement agreement as to Defendant Bay Advance

9  below.

10    **B.  Motion to Dismiss by Chase Bank (ECF No. 45)**

11    Chase moves to dismiss based on failure to state a claim, but also argues that dismissal is

12  appropriate under Rule 12(b)(7) because "there is no indication that indispensable party Bay

13  Advance—who is a party to the underlying contract and obtained the prejudgment attachment that

14  Plaintiff seeks to rescind and set aside—has been served or appeared in this action."  ECF No. 45

15  at 2.  Chase argues that Plaintiff fails to state a § 1983 claim against it because Chase is a private

16  party, not a state actor.  ECF No. 45 at 11.  Chase further argues that the allegations of conspiracy

17  under § 1985 are conclusory.  *Id.* at 12.  As to Counts III and IV, Chase contends that Plaintiff's

18  claims of breach of the covenant of good faith and fair dealing and for cancellation of instrument

19  fail as to Chase because there was no contract between Plaintiff and Chase.

20    In opposition, Plaintiff argues that the Notice was not a valid court order.  ECF No. 58 at

21  5-6.  Plaintiff's argument appears to be that Chase should not have honored or complied with the

22  Notice.  Plaintiff also argues that Chase "is a state actor because they participated with a state

23  government employee" in violating his due process rights.  *Id.* at 8.  It appears that Plaintiff

24  contends Ostrowski is the relevant government employee.  *Id.* at 8-9.

25    Plaintiff does not directly address Chase's indispensable party argument.  Plaintiff argues

26  that the contract with Bay Advance should be found unenforceable (ECF No. 58 at 12-13), but

27  does not address whether Bay Advance has been served or why Bay Advance has not appeared.

28  After the briefing on Chase's motion to dismiss was complete, on May 1, 2024, Plaintiff filed a

9

1  request that the Clerk enter default against Bay Advance.  ECF No. 66-1.  Therein, Plaintiff

2  claims to have served Bay Advance on March 7, 2024 via the Connecticut Secretary of State's

3  office.  ECF No. 66-1 at 4.

4      The Court will first address Chase's argument that Plaintiff failed to state a claim.  Count

5  III of the FAC alleges "breach of the covenant of good faith and fair dealing."  ECF No. 38 at 25.

6  Plaintiff alleges that "Defendants" collectively have "conspired to present and collect money on a

7  contract that is unconscionable."  *Id.* at ¶ 62.  The contract alleged to be unconscionable is

8  between Plaintiff and Bay Advance.  *Id.*

9      It is well-established under California law that a covenant of good faith and fair dealing is

10  implicit in every contract.  *See Foley v. Interactive Data Corp.,* 47 Cal.3d 654, 683, 254 Cal.Rptr.

11  211, 765 P.2d 373 (1988).  The elements of a claim for breach of the covenant of good faith and

12  fair dealing are: "1) the parties entered into a contract; 2) the plaintiff fulfilled his obligations

13  under the contract; 3) any conditions precedent to the defendant's performance occurred; 4) the

14  defendant unfairly interfered with the plaintiff's rights to receive the benefits of the contract; and

15  5) the plaintiff was harmed by defendant's conduct."  *In re Yahoo! Inc. Customer Data Security*

16  *Breach Litigation*, 2017 WL 3727318 at *48 (N.D. Cal. Aug. 30, 2017).  Plaintiff's claim fails as

17  to Chase at the first element—he does not allege he had a contract with Chase, but rather with

18  Bay Advance.  Plaintiff also does not allege that Chase interfered with rights under a contract, but

19  appears to argue that the contract with Bay Advance was unfair, or unconscionable.  Plaintiff fails

20  to state a claim as to Chase on Count III.

21      Plaintiff's Count IV is entitled "Cancellation of Instruments."  ECF No. 38 at 26.  The

22  allegations of this count once again concern the contract between Plaintiff and Bay Advance.  *Id.*

23  at ¶¶ 65-69.  However, it appears the "instrument" that Plaintiff wishes to cancel is the Notice.

24  *Id.* at ¶ 70.  Under California law, to prevail on a claim to cancel an instrument, a plaintiff must

25  show: "1) the instrument is void or voidable due to, for example, fraud; and 2) there is a

26  reasonable apprehension of serious injury including pecuniary loss or the prejudicial alteration of

27  one's position."  *Lincoln Benefit Life Co. v. Dallal*, 500 F.Supp.3d 1041, 1068 (C.D. Cal. Nov.

28  13, 2020).  Under Connecticut state law, cancellation of instrument is an equitable remedy and

1    "[a] prerequisite to the court's exercise of its power to grant the equitable relief of cancellation of

2    a written instrument is that the relief otherwise available be wholly inadequate to do justice."

3    *Lonergan v. Connecticut Food Store, Inc.*, 168 Conn. 122, 132 (1975).

4         To the extent Plaintiff seeks to cancel the agreement between himself and Bay Advance,

5    Chase is not a party to that agreement, and he fails to state a claim as to Chase.  Plaintiff also fails

6    to state a claim to the extent he is seeking to cancel the Notice.  "In Connecticut, a prejudgment

7    attachment is a provisional remedy afforded to a claimant to secure satisfaction of a judgment in

8    the future." *Kendall v. Amster*, 108 Conn.App. 319, 325 (Conn. Ct. App. 2008).  This remedy is

9    "founded on and regulated by [Connecticut] statutory law." *Id.*, citing General Statutes §§ 52-

10   278a to 52-278n.  Plaintiff objects to this procedural mechanism of Connecticut state law, but he

11   has not adequately alleged grounds to cancel the Notice.

12        As to Count II of the FAC, Plaintiff brings a claim under §1983 and contends that Chase

13   violated his due process rights.  Plaintiff asserts the claim broadly against "all Defendants" and

14   claims they "conspired."  ECF No. 38 at ¶ 56.  Plaintiff again complains that the contract with

15   Bay Advance is unconscionable (¶ 57) and that the "principal violation of [his] due process

16   rights" was the imposition of the Notice (¶ 58).  Plaintiff appears to allege that Chase acted with

17   Ostrowski and the Connecticut State Marshal Service and should have known that the Notice was

18   issued without due process.  ECF No. 38 at ¶ 60.

19        To state a claim under § 1983 a plaintiff must allege that: 1) a defendant acting under

20   color of state law; 2) deprived plaintiff of rights secured by the Constitution or federal statutes.

21   *Benavidez v. County of San Diego*, 993 F.3d 1134, 1144 (9th Cir. 2021)  Chase is a private entity,

22   and generally, private parties are not acting under color of state law.  *See Price v. Hawaii*, 939

23   F.2d 702, 707–08 (9th Cir. 1991).  Only in "exceptional cases" will a private entity be treated as a

24   state actor for constitutional purposes.  *See O'Handley v. Weber*, 62 F.4th 1145, 1155-56 (9th Cir.

25   2023).

26        Plaintiff's allegations as to how Chase is a state actor are conclusory.  Plaintiff uses the

27   word "conspired" and "joint activity".  ECF No. 38 at ¶¶ 56-60.  However, Plaintiff more

28   specifically pleads that Chase "has attorneys who have the same access to law libraries that

1  Plaintiff do [sic] and could have prevented this deprivation of rights under color of authority." *Id.*

2  at ¶ 60.  Thus, Plaintiff's argument does not appear to be that Chase and other Defendants were

3  acting jointly to violate Plaintiff's constitutional rights, but rather Plaintiff is arguing that Chase

4  could have prevented the alleged violation of his rights by the other Defendants, and Chase

5  should not have complied with the Notice.  Merely complying with a notice issued under

6  Connecticut state law does not make Chase a state actor.  *See Heineke v. Santa Clara University*,

7  965 F.3d 1009, 1013 (9th Cir. 2020) ("Nor is compliance with generally applicable laws

8  sufficient to convert private conduct into state action."); *see also Dailey v. Bank of America*, 106

9  F.App'x 533 (9th Cir. 2004) (defendant bank was not state actor nor acting under color of state

10  law as to claim defendant bank deprived plaintiff of property in violation of due process when a

11  lien was placed); *Remsen v. Schoolsfirst Credit Union*, 2024 WL 5275582 at *4 (C.D. Cal. Aug.

12  19, 2024) ("a bank does not become a state actor when it simply follows state procedures.").  The

13  Court concludes that Plaintiff fails to state a claim against Chase as to Count II because Chase

14  was not a state actor or acting under color of state law.

15        Plaintiff fails to state a claim as to Counts II thru IV against Chase, leaving only Count I

16  which seeks declaratory and injunctive relief.  As Plaintiff fails to state a claim, the Court will

17  decline to entertain an independent/standalone claim for declaratory relief.  *See Fiedler v. Clark*,

18  714 F.2d 77, 79 (9th Cir. 1983) ("The Declaratory Judgment Act does not provide an independent

19  basis for suits in federal court . . . It only permits the district court to adopt a specific remedy

20  when jurisdiction exists.").  A declaratory judgment is a remedy, not a cause of action.  *See Stock*

21  *West, Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989) (Declaratory Judgment

22  Act "only creates a remedy and is not an independent basis for jurisdiction"); *see also Ajetunmobi*

23  *v. Clarion Mortg. Capital*, 595 F.App'x 680, 685 (9th Cir. 2014) ("Declaratory and injunctive

24  relief are remedies, not causes of action.").

25        Because the Court is recommending dismissal for failure to state a claim, it need not

26  address Chase's Rule 12(b)(7) arguments regarding joinder and Bay Advance.

27  ////

28  ////

1      **C. Motion to Dismiss by Ostrowski (ECF No. 51)**

2      Ostrowski offers several arguments in support of dismissal. First, she argues that she has

3  statutory immunity under Conn. Gen. Stat. § 6-38a(b). ECF No. 51 at 10. Second, she alleges

4  that the Court lacks personal jurisdiction over her. And third, she argues that the FAC fails to

5  state a claim because she "cannot be held liable for damages stemming from her legal service of

6  facially valid civil process." ECF No. 51 at 11. Ostrowski supports her motion with a declaration

7  which states that she is a resident of Connecticut, she does not conduct business in California, and

8  does not own or hold any assets or real property in California. ECF No. 51 at 37-38. Ostrowski

9  also avers that she served the Notice on a Chase Bank branch in Glastonbury, Connecticut, and

10  that she served Plaintiff by serving the Secretary of State of Connecticut as the statutory agent for

11  Plaintiff. *Id.* at 37.

12      Plaintiff did not file a separate opposition brief to Ostrowski's motion. Instead, his

13  opposition is captioned as "opposition to Defendant JPMorgan Chase Bank, NA's Motion to

14  Dismiss" and was docketed as being his response to both Chase and Ostrowski's motion. ECF

15  No. 58. The brief is largely directed at Chase Bank, although Plaintiff does attach an affidavit in

16  opposition to Ostrowski's motion to dismiss. ECF No. 58-1. The Affidavit states that Ostrowski

17  served the Notice, and Plaintiff avers that he experienced negative economic effects from the

18  execution of the Notice on his bank account. *Id.* at 1-2.

19      As to Ostrowski's first argument that she is immune based on Conn. Gen. Stat. § 6-38a(b),

20  that argument fails. Plaintiff's primary claim against Ostrowski is a due process claim under 42

21  U.S.C. § 1983 concerning the execution of the Notice and alleged prejudgment attachment of his

22  bank account. "Immunity under § 1983 is governed by federal law; state law cannot provide

23  immunity from suit for federal civil rights violations." *Wallis v. Spencer*, 202 F.3d 1126, 1144

24  (9th Cir. 2000), citing *Martinez v. California*, 444 U.S. 277, 284 (1980). Ostrowski may have

25  statutory immunity from the state law claims, but the Court need not reach that issue. The state

26  law claims for breach of covenant of good faith and fair dealing and cancellation of instruments

27  arise out of Plaintiff's agreement with Bay Advance, which Plaintiff alleges was unconscionable.

28  Ostrowski was not a party to that agreement. The Court need not further opine on whether

1    Plaintiff has failed to state a claim against Ostrowski because it concludes the Court lacks

2    personal jurisdiction over her.  *See Ruiz v. Snohomish County Public Utility Dist.*, 824 F.3d 1161,

3    1165 (9th Cir. 2016) ("Here, the court's non-merits ruling was for lack of personal jurisdiction,

4    depriving the court of the authority to rule on the merits.").[5]

5         The Court recommends Ostrowski's motion to dismiss be granted based on lack of

6    personal jurisdiction, under largely the same analysis as set forth *supra* as to H&G and Trudell.

7    Ostrowski is a non-resident of California and does not conduct business there.  Her alleged

8    involvement in this action was to serve process in Connecticut.  The Court finds Plaintiff has not

9    made a prima facie showing of personal jurisdiction over Ostrowski.  The Court finds the exercise

10   of personal jurisdiction over her would not be reasonable and the Court will recommend that

11   Ostrowski's motion to dismiss be granted.

12        **D.  Remaining Defendants and Request for Entry of Default**

13        Plaintiff seeks the entry of default as to Defendants Connecticut State Marshals Service

14   ("CSMS") and Bay Advance.  ECF No. 66.  Plaintiff claims he served CSMS in August 2023.  *Id.*

15   at 5.  Plaintiff claims he served Bay Advance through the Connecticut Secretary of State's office

16   in March 2024.  ECF No. 66-1 at 4.  The complaint and FAC refer to CSMS as the "Connecticut

17   State Marshals Commission" and it appears CSMS is named as a defendant because it allegedly

18   employed Defendant Ostrowski.  ECF No. 38 at ¶ 46.

19        Pursuant to Federal Rule of Civil Procedure 55, default may be entered against a party

20   against whom a judgment for affirmative relief is sought who fails to plead or otherwise defend

21   against the action.  *See* Fed. R. Civ. P. 55(a).  However, "[a] defendant's default does not

22   automatically entitle the plaintiff to a court-ordered judgment."  *PepsiCo, Inc. v. Cal. Sec. Cans*,

23   238 F.Supp.2d 1172, 1174 (C.D. Cal. 2002) (citing *Draper v. Coombs*, 792 F.2d 915, 924-25 (9th

24   Cir. 1986)); *see* Fed. R. Civ. P. 55(b) (governing the entry of default judgments).  Instead, the

25

26   _____

27   [5]  The Court acknowledges that case law is not entirely consistent on this point.  *See Milton H.
     Greene Archives, Inc. v. Marilyn Monroe LLC*, 692 F.3d 983, 990 n. 6 (9th Cir. 2012) ("A district
     court may decide that a complaint fails to state a claim even when it does not have personal

28   jurisdiction.").

1    decision to grant or deny an application for default judgment lies within the district court's sound

2    discretion. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).

3        Here the Court does not recommend the entry of default or the granting of default

4    judgment as to either CSMS or Bay Advance.[6]

5                           **1. CSMS**

6        For the same reasons discussed above regarding Ostrowski, the Court lacks personal

7    jurisdiction over CSMS, a Connecticut state agency, which apparently has no involvement in this

8    action other than employing Ostrowski. Although a defect in personal jurisdiction is a defense

9    that may be waived, "when a court is considering whether to enter a default judgment, it may

10   dismiss an action sua sponte for lack of personal jurisdiction." *In re Tuli*, 172 F.3d 707, 712 (9th

11   Cir. 1999). Additionally, it appears that Plaintiff fails to state a claim against CSMS. *See Sato v.*

12   *Orange Cnty. Dep't of Educ.*, 861 F.3d 923, 928 (9th Cir. 2017) (agencies of the state are immune

13   under the Eleventh Amendment from private damages or suits for injunctive relief brought in

14   federal court); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) ("There is no respondeat

15   superior liability under § 1983.").

16                          **2. Bay Advance**

17       As to Bay Advance, when a court is deciding whether default judgment should be entered,

18   the court may consider the following factors:

19       (1)    the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's
20       substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake
         in the action; (5) the possibility of a dispute concerning material facts; (6) whether
21       the default was due to excusable neglect; and (7) the strong policy underlying the
         Federal Rules of Civil Procedure favoring decisions on the merits.
22

23   *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). Default judgments are ordinarily

24   disfavored. *Id.* at 1472. In evaluating these factors, the Court considers that Bay Advance and

25   Plaintiff have already engaged in litigation in Connecticut state court, entered into a settlement

26

27   ───────────────

28   [6] The Clerk of the Court never entered default in favor of Plaintiff. While the proper entry of
     default is a precondition for granting

                                      15

agreement, and a Connecticut state court has found that settlement agreement to be enforceable.

Court approved settlement agreements have res judicata effect. *See Tritz v. U.S. Postal Service*, 721 F.3d 1133, 1141 (9th Cir. 2013). In order for res judicata to apply, there must be: 1) an identity of claims, 2) a final judgment on the merits, and 3) identity or privity between the parties. *Id*. The Connecticut state court judgment finding the settlement agreement to be enforceable is in the record. ECF No. 43-1 at 37. The Court can take judicial notice of another court's record. *Lee v. City of Los Angeles*, 250 F.3d 668, 690 (9th Cir. 2001).[7]

Plaintiff has appealed the judgment against him in Connecticut state and argues the settlement agreement was invalid.[8] Under Connecticut law, "a prior judgment in another case maintains its preclusive effect, even pending appeal of that judgment." *Barash v. Lembo*, 348 Conn. 264, 277 (2023). By contrast, under California law, a judgment is not final for purposes of res judicata during the pendency of and until the resolution of an appeal. *See Eichman v. Fotomat Corp.*, 759 F.2d 1434, 1439 (9th Cir. 1985). The Supreme Court has "held that the preclusive effect of a state court judgment in a subsequent lawsuit involving [federal claims] is determined by the preclusion law of the state in which the previous judgment was rendered." *Eichman*, 759 F.2d at 1437, citing *Marrese v. American Academy of Orthopedic Surgeons*, 470 U.S. 373 (1985). The judgment here was issued in Connecticut, and this Court accordingly applies Connecticut law, which makes a judgment preclusive while on appeal.

In the Connecticut case, the Connecticut Superior Court stated as follows: "The court has examined the agreement, and finds that its terms were clear, unambiguous, and contained all essential terms. Further, it did not state or contemplate any condition precedent remaining to be satisfied." ECF No. 43-1 at 37. The court then granted the motion to enforce the settlement. *Id.* The Connecticut state court judgment finding that the settlement agreement is enforceable has

---

[7] "A court may take judicial notice of matters of public record without converting a motion to dismiss into a motion for summary judgment." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018) (quotation omitted). A court cannot take judicial notice of disputed facts contained in those judicially noticed public records. *Id.*

[8] The Connecticut Appellate Court case number is AC 47341. Briefing was recently completed and the case has not been decided.

1    preclusive effect even though the action remains pending on appeal.  It appears that Plaintiff has

2    failed to comply with this enforceable agreement as he did not dismiss what is referred to as the

3    "California Action" (the instant lawsuit) in paragraph 11 of the settlement agreement.  ECF No.

4    43-1 at 23.

5           As discussed above, under Connecticut state law the judgment enforcing the settlement

6    agreement has preclusive effect even while on appeal.  A former judgment on a claim, if rendered

7    on the merits, is an "absolute bar to a subsequent action" between the same parties or those in

8    privity on the same claim.  *Girolametti v. Michael Horton Assoc*., 332 Conn. 67, 75 (2019).

9           Given that the judgment in the Connecticut state case in favor of Bay Advance precludes

10   Plaintiff from further pursuing relief in this action against Bay Advance, the Court could dismiss

11   Bay Advance from the case, even though it has not appeared.  "A District Court may properly on

12   its own motion dismiss an action as to defendants who have not moved to dismiss where such

13   defendants are in a position similar to that of moving defendants or where claims against such

14   defendants are integrally related."  *Dodenhoff v. Cache Creek Foods*, 2015 WL 1638002 at *5

15   (E.D. Cal. April 13, 2015), *citing Silverston v. Dep't of Treasury*, 644 F.2d 1341, 1345 (9th Cir.

16   1981).  This is true even as to a defendant, such as Bay Advance, who has not yet appeared in the

17   action.  *See Abagninin v. AMVAC Chem. Corp.*, 545 F.3d 733, 742 (9th Cir. 2008) ("As a legal

18   matter, we have upheld dismissal with prejudice in favor of a party which had not appeared, on

19   the basis of facts presented by other defendants which had appeared.").

20          However, Plaintiff disputes the validity of the settlement agreement on appeal in

21   Connecticut state court.[9]  The Court takes judicial notice that the appeal in *Bay Advance, LLC v.*

22   *Halajian*, Case No. AC 47341, appears to be fully briefed and is awaiting decision.  In an

23   abundance of caution, it would be best to defer the question of whether Bay Advance should *sua*

24   *sponte* be dismissed from this lawsuit until after the Connecticut Appellate Court rules on this

25   issue.  The Court recommends that after issuing rulings on the motions to dismiss, that this action

26

27   [9]  Plaintiff filed email correspondence between he and his attorney concerning the settlement
     agreement, which he claims demonstrates that there was never an enforceable agreement.  ECF
28   No. 59 at 18-28.

1    be stayed as to Bay Advance and the parties be directed to file a status report when the

2    Connecticut Appellate Court issues its decision.

3    **E.  Leave to Amend**

4    The Court has considered Plaintiff's pro se status and whether he should be granted leave

5    to amend.  *See Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) ("[a] district court should not

6    dismiss a pro se complaint without leave to amend unless it is absolutely clear that the

7    deficiencies of the complaint could not be cured by amendment.").  The Court has also considered

8    that Plaintiff was previously granted leave to amend, after Defendants filed motions to dismiss the

9    Complaint that were granted.  Thus, Plaintiff previously had notice of deficiencies with the

10   Complaint prior to filing the FAC.  Most importantly, the Court has considered futility of

11   amendment.  *See Lockheed Martin Corp. v. Network Solutions, Inc.*, 194 F.3d 980, 986 (9th Cir.

12   1999) ("Where the legal basis for a cause of action is tenuous, futility supports the refusal to grant

13   leave to amend.").  The lack of personal jurisdiction over H&G, Trudell, Ostrowski, and CSMS

14   cannot be cured through further amendment.  As to Chase, Magistrate Judge Barnes previously

15   advised Plaintiff that he failed to adequately plead state action.  *See* ECF No. 37 at 9 ("This vague

16   and conclusory assertion fails to explain how any defendant was acting under color of state

17   law.").  The Court finds further leave to amend would be futile.

18                                              **CONCLUSION**

19   The Court concludes that the motions to dismiss filed by Defendants H&G, Trudell, and

20   Ostrowski should be granted as the Court lacks personal jurisdiction over these Connecticut

21   defendants.  The Court further recommends that CSMS be dismissed *sua sponte* for lack of

22   personal jurisdiction and failure to state a claim.  The Court additionally concludes that Plaintiff

23   has failed to state a claim against Defendant Chase.  As to Defendant Bay Advance, who has not

24   appeared, the other Defendants contend the claims are barred by a settlement agreement, but

25   Plaintiff disputes the validity of the settlement agreement and that issue is before the Connecticut

26   appellate court.

27   ////

28   ////

Accordingly, **IT IS HEREBY RECOMMENDED THAT**:

1. Defendants H&G and Trudell's Motion to Dismiss (ECF No. 43) be GRANTED without leave to amend and H&G and Trudell dismissed from the action;

2. Defendant Chase's Motion to Dismiss (ECF No. 45) be GRANTED without leave to amend and Chase dismissed from the action;

3. Defendant Ostrowski's Motion to Dismiss (ECF No. 51) be GRANTED without leave to amend and Ostrowski dismissed from the action;

4. Plaintiff's request for entry of default against Defendants Bay Advance and CSMS (ECF No. 66) be DENIED and Defendant CSMS be dismissed from this action; and

5. The action be stayed as to Bay Advance, the sole remaining Defendant in this action, and the parties directed to file a Status Report, including a copy of the Connecticut Appellate Court's ruling in case AC 47341 within seven days of the issuance of that decision.

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, Plaintiff may file written objections with the court. Such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Local Rule 304(d). Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 28, 2025.

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE

19