UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARRY STUART HALAJIAN,<br><br>    Plaintiff,<br><br>v.<br><br>JP MORGAN CHASE BANK, NA, et al.,<br><br>    Defendants. | No. 2:23-cv-01522-DJC-SCR<br><br>FINDINGS AND RECOMMENDATIONS |

    Plaintiff is proceeding pro se in this matter, which is referred to the undersigned pursuant to Local Rule 302(c)(21) and 28 U.S.C. § 636. Plaintiff attempts to challenge Defendants' actions with respect to a Connecticut state court legal proceeding that he has since settled. On July 28, 2025, Judge Calabretta entered an Order (ECF No. 83) adopting the undersigned's Findings and Recommendations and granting three motions to dismiss. (ECF No. 43, 45 & 51). That order dismissed all claims and all defendants except Defendant Bay Advance. ECF No. 83 at 2. The Court now recommends that the sole remaining defendant be dismissed and judgment entered.

////

////

1

### I.    Procedural History and Background

Plaintiff Barry Stuart Halajian filed this action on July 25, 2023. ECF No. 1. The complaint named as defendants: 1) JP Morgan Chase Bank ("Chase"); 2) Elizabeth Ostrowski; 3) Hassett & George, PC ("H&G"); and 4) James Trudell. ECF No. 1. Plaintiff alleged that H&G and Trudell were attorneys working for Bay Advance, LLC ("Bay Advance") and had prepared legal documents to seize funds from Plaintiff's account at Chase. *Id.* at 1-2. Plaintiff alleged he is an electrical contactor who employs 8 to 12 people. ECF No. 1 at ¶ 6. Plaintiff alleged he entered into a "combined receivables purchase agreement and loan agreement" with Bay Advance. *Id.* at ¶ 7. Plaintiff complained of a "bait and switch" and that Bay Advance confused or pressured him into modifying the agreement. *Id.* at ¶¶ 9-10. Ostrowski is alleged to be an employee of the Connecticut State Marshals Service and was involved in serving the legal documentation, which Plaintiff referred to as a "Notice of ex parte prejudgment remedy/claim for hearing to dissolve or modify" (the "Notice"). *Id.* at ¶ 35. In fact, the Notice was part of a legal action that Bay Advance filed against Plaintiff in Connecticut state court, Case No. FST-CV23-6061957-S. ECF No. 43-1 at 3. The Court took judicial notice of the filings from that case, in which Plaintiff was represented by counsel.

In the instant case, Plaintiff asserted four causes of action in the original complaint: 1) declaratory and injunctive relief; 2) a due process claim under 42 U.S.C. § 1983; 3) breach of the covenant of good faith and fair dealing; and 4) cancellation of instruments. ECF No. 1 at 16-23. Plaintiff claimed the agreement with Bay Advance was unconscionable and sought to cancel it. However, Bay Advance was not a named defendant in the original complaint. The defendants named in the original complaint filed motions to dismiss (ECF Nos. 7 & 24) and the Court granted those motions with allowance for Plaintiff to file an amended complaint. ECF No. 37.

On or about August 18, 2023, Plaintiff and Bay Advance entered into a settlement agreement in the Connecticut state case (the "Settlement Agreement"). Relevant to this action, Paragraph 11 of the Settlement Agreement provides in part:

> In addition, upon the execution of this agreement, Barry Stuart Halajian and/or Industrial Electric shall within 3 business days withdraw or dismiss any and all lawsuits filed against

2

the parties to this agreement as well as Beth Ostrowski, J.P. Morgan Chase Bank, Hassett & George, PC or its employees/agents, that was reportedly filed in California that relates to or arises out of the Contract (hereinafter referred to as the "California Action").

ECF No. 43-1 at 21. Paragraph 11 further provided: "The Parties agree that this Agreement completely resolves any and all claims between the Parties that were asserted, or that could have been asserted, against any of the Parties named in the Action or relating to or arising out of the Contract, as well as claims asserted and parties to the California Action . . ." *Id.* In granting a motion to enforce the Settlement Agreement, the Connecticut Superior Court ruled the agreement was "clear, unambiguous, and contained all essential terms." ECF No. 43-1 at 37. In making that ruling, the Connecticut Superior Court noted the term in the Settlement Agreement "relat[ing] to a certain California lawsuit brought by [Halajian] against" the defendants in the instant lawsuit.

Despite the term in the Settlement Agreement, Plaintiff did not dismiss the instant action. Instead, Plaintiff filed a First Amended Complaint ("FAC") on February 15, 2024. ECF No. 38. The FAC adds Bay Advance as a defendant. ECF No. 38 at 1, 19. The FAC asserts the same four causes of action as the original complaint. ECF No. 38 at 20-27. Plaintiff attaches to the FAC a copy of the Notice, the contract with Bay Advance, and other exhibits. ECF No. 38 at 31-118.

The appearing defendants—Chase, Ostrowski, H&G, and Trudell—filed their motions to dismiss the FAC and the undersigned issued Findings and Recommendations recommending that those motions to dismiss be granted. ECF No. 75. Plaintiff was allowed to file untimely objections to the Findings and Recommendations. ECF No. 78. The objections were considered, and Judge Calabretta conducted de novo review of the case and adopted in full the Findings and Recommendations. ECF No. 83. Thus, all claims and parties were dismissed except Defendant Bay Advance, which has not appeared in the action and has not filed its own motion to dismiss.[1] The Order adopting stated: "The action is stayed as to Bay Advance, the sole remaining Defendant in this action, and the parties are directed to file a Status Report, including a copy of

---

[1] Even though Bay Advance has not appeared, this does not preclude the Court from dismissing the claims. *See Abagninin v. AMVAC Chem. Corp.*, 545 F.3d 733, 742 (9th Cir. 2008) ("As a legal matter, we have upheld dismissal with prejudice in favor of a party which had not appeared, on the basis of facts presented by other defendants which had appeared.")

the Connecticut Appellate Court's ruling in case AC 47341 within 7 days of the issuance of that decision." ECF No. 83 at 2.

## II.    Defendant Bay Advance

In the prior Findings and Recommendations, the Court observed that Plaintiff's claims against Bay Advance appeared to be barred by the Settlement Agreement in the Connecticut state court matter. ECF No. 75 at 15-17. The Court observed that the Connecticut Superior Court had adjudicated Plaintiff's challenge to the Settlement Agreement and granted a motion to enforce the agreement. *Id.* at 16. In so doing, the Connecticut Superior Court stated: "The court has examined the agreement, and finds that its terms were clear, unambiguous, and contained all essential terms. Further, it did not state or contemplate any conditions precedent remaining to be satisfied." *Id.*

Court approved settlement agreements have res judicata effect. *See Tritz v. U.S. Postal Service*, 721 F.3d 1133, 1141 (9th Cir. 2013). In order for res judicata to apply, there must be: 1) an identity of claims, 2) a final judgment on the merits, and 3) identity or privity between the parties. *Id.* The Connecticut state court judgment finding the settlement agreement to be enforceable is in the record. ECF No. 43-1 at 37. Moreover, the Court can take judicial notice of another court's record. *Lee v. City of Los Angeles*, 250 F.3d 668, 690 (9th Cir. 2001).

Under Connecticut law, "a prior judgment in another case maintains its preclusive effect, even pending appeal of that judgment." *Barash v. Lembo*, 348 Conn. 264, 277 (2023). By contrast, under California law, a judgment is not final for purposes of res judicata during the pendency of and until the resolution of an appeal. *See Eichman v. Fotomat Corp.*, 759 F.2d 1434, 1439 (9th Cir. 1985). "[T]he preclusive effect of a state court judgment in a subsequent lawsuit involving [federal claims] is determined by the preclusion law of the state in which the previous judgment was rendered." *Eichman*, 759 F.2d at 1437, citing *Marrese v. American Academy of Orthopedic Surgeons*, 470 U.S. 373 (1985). The judgment here was issued in Connecticut, and this Court accordingly applies Connecticut law, which makes a judgment preclusive while on appeal.

1   Thus, this Court could have recommended dismissal based on res judicata even while the
2   state court appeal was pending. However, the Findings and Recommendations noted that Plaintiff
3   had appealed the judgment, briefing was complete, and Plaintiff was arguing on appeal that the
4   settlement agreement was invalid. ECF No. 75 at 16-17. Therefore, the Court stated that "in an
5   abundance of caution," it would recommend staying the action until the Connecticut appellate
6   court's ruling. *Id.* at 17. The parties were directed to file a status report within seven days of that
7   ruling, but neither Plaintiff nor Bay Advance did so.[2] The Connecticut appellate court issued its
8   ruling in case AC47341 on November 4, 2025. *See Bay Advance, LLC v. Halajian*, 236
9   Conn.App. 228 (Nov. 4, 2025). It affirmed the judgment of the trial court finding that the parties
10  had entered into an enforceable settlement agreement. The opinion states that the Settlement
11  Agreement provided for Halajian to withdraw the federal action he had filed in California (this
12  action). *Id*. at 236-37. The agreement also provided that it would resolve any and all claims
13  between Bay Advance and Halajian. *Id*. at 240. The Connecticut appellate court expressly
14  rejected Plaintiff's challenge to the term of the agreement concerning dismissal of the California
15  claims: "Insofar as the defendant properly has raised such an assertion, it is untenable because we
16  construe the release of claims vis-à-vis the California action to be a duty to be performed pursuant
17  to the settlement agreement, rather than a condition precedent." *Id.* at 245 n. 10.
18  The Settlement Agreement between Bay Advance and Halajian has been found valid and
19  enforceable by the Connecticut courts. Plaintiff cannot challenge that conclusion here, and that
20  settlement bars the instant action against Bay Advance.

21  **III.   Conclusion**

22  The Court previously stayed this action to allow the Connecticut appellate court to
23  adjudicate Plaintiff's challenge to the Settlement Agreement between himself and Defendant Bay
24  Advance. That appeal has concluded, and the Settlement Agreement has been found enforceable.
25  The Settlement Agreement precludes Plaintiff's action against Bay Advance in this Court.

---

[2] On November 24, 2025, counsel for previously dismissed Defendants James Trudell and Hassett & George, PC, filed a status report (ECF No. 85) informing the Court of the decision.

5

Accordingly, **IT IS HEREBY RECOMMENDED THAT**:

1. The Court dismiss the sole remaining defendant, Bay Advance; and
2. The Clerk be directed to enter Judgment dismissing this action with prejudice and close the case.

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). **Within fourteen (14) days after being served** with these findings and recommendations, Plaintiff may file written objections with the court. Such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Local Rule 304(d). Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

SO ORDERED.

DATED: December 1, 2025.

_____
SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE